Good evening. Miss Talley. Yes. Can you hear me? Yes, it's a little faint, so stay near the mic, but I'm hearing you fine. Okay. May it please the court, my name is Sylvia Talley and I represent the appellate Robert Hensley. I would like to reserve three minutes for rebuttal, please. We're here today because Mr. Hensley responded to a Craigslist ad on, well, responded to an ad on Craigslist to spend quality time with a 18-year-old female. Mr. Hensley's response to that ad led to him being charged and convicted of three counts, attempted enticing of a minor, attempted production of child porn, and possession of child porn. I know several issues were briefed in this case regarding the convictions. However, because of time constraints, my argument would primarily focus on whether the evidence is sufficient to sustain those convictions. And if we have time, I would like to discuss why the district court erred in instructing the jury. Counsel, because it's remote audio, I think you should slow down a little bit because- I'm sorry. It gets a little indistinct, at least at my age, the years of my age, the age of my ears. Since the attempted production of child porn offense carries the highest statutory minimum, I would like, let's be in there. The elements of that offense is that Mr. Hensley believed that during the time elation in the indictment, that the female elation in the indictment was under the age of 18, that he attempted to persuade or use that female to engage in sexually assistive conduct. And he voluntarily and intentionally engaged in this behavior to produce a visual depiction of that conduct. And that then we have the jurisdictional element about the materials used for a male shipped or transported in interstate commerce. As to element four, there's no dispute about that element. Also, I need to mention, because this is the 10th case, the government also had to prove that Mr. Hensley took a substantial step towards that offense. As I said before, as to element four, there's no dispute about that element. The jurisdictional element, we believe, I mean, it's met, but regarding the remaining elements, the evidence presented as trial is insufficient to sustain Mr. Hensley's conviction. The evidence presented as trial was that Mr. Hensley, while conversing with a undercover agent, the undercover agent who was pretending to be the female's father, he asked the agent to send him a pic of the female's breast and vagina. He testified that the request wasn't serious and that he didn't even believe that it was a female there. He also suspected that he might have been communicating with law enforcement, but he wasn't sure. And he figured that if the guy did send him a picture, he would have just grabbed the picture off the internet and sent him that picture, which is reasonable because that's what Mr. Hensley did. When he sent him a picture, he sent himself a picture to the guy. And he grabbed that picture from his daughter's Facebook page, and he sent him that picture. So based on those elements, it's insufficient to sustain his conviction because as stated, he didn't believe there was a female there. He didn't believe the female, if she was there, that she was under 18. And that he only requested that the father, he requested one time for the father to send him a pic of the female's breast and vagina. He didn't ask the father to take a picture, make a picture, create a picture. Counselor, aren't you asking us to overturn the jury's credibility findings? Well, no, not really. It's not a credibility finding. It's the insufficiency of evidence. The government presented no evidence at all that he asked the father to take a picture or create a picture or make a picture. And that's the same, that's what happened in the second circuit case. You're saying send me a picture is not sufficient for a production? That is correct. That's not. Okay. Why? Because just sending the picture is not creating the picture. The picture can already be in existence, if that makes sense. Like I said, he thought the guy could have just grabbed the internet and sent him that picture. It's not a new picture he didn't produce. Oh, go ahead. No, I get that. And what I'm asking is, perhaps I didn't ask it, what I'm thinking is, is that the jury verdict, we view the evidence in the light most favorable to it, including any reasonable inference the jurors could draw. And couldn't a reasonable juror be drawn the inference that send me means take the picture and send me the picture? No, I don't know. The court, I don't know if you're familiar with the court case, the second circuit case, Brocksmire, I believe I cited it in my reply brief. In that case, the court found that the defendants request to have the father, no, it was the alleged victim, I'm sorry. He just asked the alleged victim to send him a picture. And the court said that's insufficient to sustain the production of child porn case, because production of child porn, it has to create a new image. And did the government have any evidence that when he asked, send me a picture that no picture existed at that time? No, the government had not presented any evidence about that. Is that significant? Do you think that's significant? That the government didn't say that there was a picture in existence? Is it significant that the father might have had a picture already? Oh, I think so. That that was created before Mr. Hensley's request. Is that what you're saying? Well, we're talking about production. And we're talking about attempted production of child pornography. So if you ask somebody to send you child pornography that already exists, that may violate more than one of these overlapping offenses, but it doesn't seem to me it's attempted production. That's correct. If it's a request for something that already exists. That's correct. But in this case, like I said, he thought the guy would just grab a picture off the internet because he didn't think the girl existed and she didn't exist. It was just a sting operation basically. Is there any other questions related to that offense? No. Okay. Now I would like to talk about the possession of child porn offense. The elements of that offense includes that Mr. Hensley knowingly possessed multiple visual depictions of child porn, that he knew that the visual depictions were of a minor sexual activity and that the visual depictions have been mailed, shipped, or transported using any means of facility of interstate commerce. The evidence presented in the trial as it relates to that offense is that three images of suspected child porn was found in the unallocated space of Mr. Hensley's computer. Both witnesses, the government's expert computer witness and the defense expert recruiting witness testified that those images could have got there if they were intentionally deleted or if the operating system automatically deleted them. Also, there were no search terms for child porn on Mr. Hensley's computer. The websites that he visited, they had disclaimers saying there was no child porn on these websites. How do you distinguish MacArthur? MacArthur, I think, I believe in MacArthur there were like some hundreds of images found on the defendant's computer and there were myriad of searches, search terms for child porn on that computer. Here we don't have that. It's just three images found in the unallocated space of Mr. Hensley's computer and there was no evidence presented that Mr. Hensley knew about the automatic caching function of his computer. He testified that he did know about it and there was nothing to suggest to the contrary. Also, the computer, both computer experts testified they didn't know where the images came from. Could have came from a CD, could have came from the internet, could have came from some other source. And based on those facts, the evidence is insufficient to sustain the conviction because it fails to prove any of the elements. The jurisdictional element, as the because no one knew what the images came from. Assuming that the images came from the internet, there's no proof that he knew that the images were in the allocated space of his computer. There's no proof that he saw these images. There's no proof that he intended to exercise dominion or control over these images. Are there any questions in regards to that offense? As to the intent to entice him of a minor offense, the elements of that offense is that he normally used a facility of interstate commerce with the intent to persuade a minor to engage in sexually explicit activity and that he believed the person engaged, what the person sought, he intended to persuade or entice them to, he believed that the person he sought to engage was under the age of 18. And also the government, because this is an attempt case as well, the government had to prove that he took a substantial step towards that offense. I submit that there was no substantial step. The government's main evidence is that he was at an Exxon. He agreed to buy the girl for $150 and he agreed to meet the supposed trafficker at an Exxon. Mr. Hensley testified that he was already at the Exxon. He agreed to meet the trafficker. He didn't have any money on him. And again, he responded to an ad where they listed the females age as 18. And it wasn't until later on that he thought that the trafficker said that the girl was actually 14. And Mr. Hensley still didn't believe the girl was 14. And the picture that the trafficker sent him, I mean, he said he believed the girl was 18. And based on that evidence, the evidence is insufficient to sustain Mr. Hensley's attempted enticement of a minor offense. I'm running low on my time and I would just like to reserve the remainder of my time for Very good. Thank you. Ms. Mazzanti. Good morning, Your Honor. May it please the court. My name is Stephanie Mazzanti and I represent the United States in this case. In this case, Robert Hensley, at the time a 55-year-old man with multiple prior sex crime convictions involving children sent sexually explicit text messages attempting to meet up with a 14-year-old girl and her father so that he could perform various sex acts on the child. He firstly asked for a picture of the child's genitals and he went to a gas station to meet with the minor and her father. Not shockingly, the FBI found images of child pornography of little girl on Mr. Hensley's computer. The court in this case should affirm the district court's denial of the motion to suppress because Hensley was not in custody during the interview. The evidence was sufficient to support Hensley's convictions for attempted enticement of a minor, attempted production of child pornography and possession of child pornography and the district court did not plainly err in instructing the jury and the unobjected to arguments during closing by the United States were supported by the evidence that was presented. Going to Ms. Talley's first argument regarding the sufficiency of the attempted production, the specific message that was sent by Mr. Hensley was send front, kick, tits and puss. This direction by Mr. Hensley indicates an intent to produce the child pornography here. There's there's no denying by the defendant that he was asking for a photograph of the minor's vagina and that in and of itself would constitute child pornography when considering all the of lascivious exhibition of the genitals. In this case, the the Broxmire case that was cited, I believe, for the first time in the rebuttal or in the reply brief of Mr. Hensley. In that case, the defendant never asked for sexually explicit photos. Here, this is the defendant directing what body parts he wants to see in this photograph. There's no evidence that this photograph already was in existence and it wouldn't be in an attempt case because there is no minor. And here, Broxmire's distinguishable, one, because he never asked for sexually explicit photographs and also because here the defendant was directing what body parts he wanted to see the photographs of. Going to the the question of the attempt in this case, as the court set forth in Petroski, the defendant's intent is critical whenever you're dealing with an attempt case. Here, the focus was clearly going to be on the child's genitals and it was intended to elicit a sexual response as demonstrated by the nature of the conversation between the undercover officer and the defendant. Here, additionally, your honor, the defendant has a clear interest in young pornography based on government's exhibits 11 and 12 submitted in the government's appendix. The belief that this was a minor is demonstrated by the fact that the text messages almost immediately informed Mr. Hensley that the individual victim, that the victim is 14 years old and there's extensive discussion about her age. Additionally, Mr. Hensley reported admittedly to the hotline that this was a 14-year-old girl and so his belief that it was a minor is established by the evidence in the case. Going back to the possession argument by defense counsel, I think that the MacArthur case is directly on point. Here, we have two hypothetical alternatives and the jury reasonably inferred that the defendant intentionally downloaded these images and that they ended up in the automatic cache. As discussed in MacArthur, whenever you have evidence supporting two conflicting hypotheses, the court will not disturb the conviction. Also, the court in Kane, which Judge Loken talked about, one who knowingly browses child pornography, knowingly possesses the images and specifically that knowing possession is an issue of fact for the jury and so the jury's verdict on this account should not be disturbed because that was a fact question for the jury as to whether or not he knowingly possessed those images. Also, we have circumstantial evidence supporting the possession conviction. We have the browser history combined with the circumstantial evidence that CC Cleaner was run around 2 a.m. and that supports Hensley's knowledge of the possession of the child pornography. For example, in the Exhibit 12 the government submitted, we have websites about young petite, young nude vagina, which has a description of young teens showing their nude vaginas. Very young girls do porn, littlegirlsporn.pw and so the jury could rationally infer that the jury clearly did not credit the defense expert's testimony that simply because these pornography websites have a disclaimer on the front page of the website that they don't in fact within the website contain child pornography. The jury's free to find that the internet is not always telling the truth. Additionally, Your Honor, the jury could also use the defendant's clear interest in underage girls based on the incident offense as well as the defendant's prior convictions for sexual solicitation of a child and his multiple convictions for criminal attempt to engage children in sexually explicit conduct. And so the jury could use that to infer the defendant's intent and knowledge based on the court's, based on the Rule 414, what the court allows the jury to consider here. With respect to the defendant's arguments in the brief about Dobbs, I would just note that Dobbs here is distinguishable because, one, it's a receipt of child pornography case. It's not a possession of child pornography case. And they expressly declined to opine on the proof requirements for a possession case versus a receipt case in Note 8. Second, it's a Tenth Circuit case, so it's not binding on this court. Additionally, it's distinguishable because here the defendant was affirmatively seeking child pornography, asking for a picture. And also, the Dobbs court notes a decision in United States v. Bass, which is another Tenth Circuit case, where they couldn't tell if the images were intentionally or automatically saved from the internet. And it was affirmed because the defendant used software to remove the digital residue of a list of activities, and the jury would reasonably infer the defendant knew the child form was automatically saved. And so the appellant's reliance on Dobbs is not persuasive in this case. There's another case of Myers out of the Fourth Circuit, where the defendant's attempts to delete temporary files are circumstantial evidence of his knowing receipt of child pornography, and the defendant seeking out child pornography again. Going to the defendant's arguments about the attempted enticement of a minor, here the text messages, the same evidence applies as to the defendant's knowledge that it is a minor. The text explicitly states that she's 14. There are extensive discussions about it, and he tells the hotline rep she's 14. And Hensley makes his brief about not speaking with the minor, but they certainly in Spurlock clearly held that that is not required, that somebody can't hide from an attempted enticement case simply by using an adult intermediary. As to the substantial step, this court's precedent in Young discusses traveling to meet a minor at a location. In addition, in Spurlock, there are text messages to an undercover about sex acts on a minor and instructions. Here there are explicit discussions about what Hensley wants to do to the minor using various, he calls it his fucking machine. He describes it as a rip saw with a dildo attached to it. He discusses what he wants to bind the minor. He discusses all the details that he wants to, all the sex acts he wants to perform on the minor. And so in Spurlock, the court discusses that that is the familiar hallmark of attempt. And so in this case, in addition to that, your honor, that Hensley relies on his own testimony, that his texts are not serious, and that he didn't notice at first that she was 14 years old. That's simply a credibility determination that the jury clearly made against Hensley. They did not believe him as demonstrated by their verdicts. And so the credibility determinations by a jury are virtually unreviewable on appeal, and the court should affirm that count as well. Going to the jury instruction issue, here, this is a plain error review issue. As the court states in the Parisian case, the initial tender of an alternative instruction does not meet Rule 30's requirements. Here, there was a final instruction conference at which an objection was not lodged. Therefore, we're on a plain error review based on the court's decision in Parisian. And in addition, the complaint of omitted instruction is that you may not convict a person simply because you believe he's committed similar acts in the past. Here, in the limiting instruction, the court actually gave an even more favorable instruction to the jury that you may not consider these convictions as evidence he actually committed the crimes that he's charged with in this case. The district court reincorporated those prior instructions by telling the jury that if evidence was omitted for a limited purpose, it was to follow that instruction in court's instruction two. Also, in court's instruction one, the district court told the jury that the defendant was on trial only for the crimes charged, not for anything else. And so the instructions in this case adequately advised the jury of the appropriate use of the evidence of the defendant's prior convictions. Simply also challenges the district court's comment on the evidence that were simply made to assist the jury in determining his fact questions. And the court can comment on evidence to assist the jury if it makes clear that the jury is the person, is the entity that is determining facts questions as set forth in the record. You know, commenting on the evidence has been allowable in the history of the federal court stating back to the establishment of the courts. And we have consistently indicated that commenting on the evidence is within the purview of the district judge. We've also said that it's not really a desirable practice and when one look at it, I can just tell you that I've tried cases in the Dakotas and Minnesota as a lawyer and I've presided over cases in the northern half of our circuit as a trial judge. And really this sort of comment is almost unheard of in our part of the world. So I'm trying to figure out, do judges routinely make these types of comments in Arkansas? They do, your honor, especially in cases where the concepts are a little more difficult for the jury to know as lay people. Here you have a legal concept of substantial step. And here we have very clear 8th Circuit case law that says that driving to location is a substantial step and that in Herbst and in Schwartz asking for a new photograph is a substantial step. And so we restrict our requests for these only based on very clearly established law and attempt to, you know, not tailor it too closely to the facts of the case. But here this was a correct statement of law. It was needed to assist the jury to determine what substantial step means because that's not something that's necessarily within the knowledge of your average lay person. Yeah, I just am saying that the culture within our circuit varies. I am confident of that just from all the transcripts I've read through the like if you were sitting in Minnesota and you asked to do this, they would look at you like you had come from the dark side of the moon, right? And it would just never happen, right? And so I was just more curious because whenever I've read the cases that generally talk about commenting on the evidence, I'm always struck by there are obviously parts of the country where this really happens and it's just, you know, kind of odd to me. And so this is within your experience, relatively not normal, but it's not infrequent that this happens. It is not infrequent, your honor. And we typically get this sort of instruction in attempt cases. We typically get similar instructions when you're dealing with things like concepts like interstate commerce and whether the internet constitutes interstate commerce and things like that because that may not be intuitive to a lay person. And I think that it's helpful to the jury to know what, you know, what possibly would legally qualify here. The court didn't direct them to find anything. The court was, it was simply a permissive instruction and so it was allowable. It was simply that the jury may consider this to be a substantial step. And so there was no error here in the jury instructions. Your honor, I'm going to, and I'll, if I'm able to have time, well, here I would just say that Mr. Hensley's made serious allegations of misconduct here in the government closing arguments and one would hope that the record was very clear on that and that was reviewed thoroughly before it was done so. Here, each argument made by the prosecutor was supported by the record and the district courts and the prosecutor's arguments were not improper and so in this case the court should reject each challenge to the closing arguments that were made. In addition, your honor, the court should affirm the district court's denial of the motion to suppress alleging the marine violations for the reasons set forth in the brief. Let me just pause on the comments. Didn't the court say the act of driving to a planned meeting location has been found sufficient to show a substantial step? How can you say that's permissive? That sounds like directing a verdict. Your honor, it's not a directive that they make that finding, it's just simply telling the jury that it has been found to be. No, they're telling the jury that if you make this finding, you don't have to look for anything else. Your honor, and I'll read it to be that the court has been found to be sufficient. And your honor, again, I'll read that to be that the court is advising the jury that they may use that as a substantial step. It has been found sufficient, therefore you may. It didn't direct them to find that that constituted a substantial step. And so it's not directive. If the court had said may be sufficient, I'd agree with you it's permissive, but has been found to be sufficient is an instruction that that's all they need to find. And I'm troubled by that. And your honor, I think that that might be open to interpretation. And so I think that Was there an objection to that? There was no objection. And so we're on plain error view on this issue. And so I think opposing counsel is nodding there was an objection. I believe there was an objection during the jury conference. Not to speak over you, Ms. Mazzetti. I don't recall there being an objection. The record will speak for itself on that. We argue that there were and I apologize if I just misremembered that fact. But regardless, your honor, this is not something that would change the outcome in this case. It was simply in the government's view of permissive instruction. And I believe I'm over my time. Did I answer any questions the government did before that? I do have one last question. Would you agree that the sentence imposed on count three was illegal and we've got to at least fix that? Your honor, that the sentence was above the statutory maximum. And so the court can correct that of its own court. Yes. Thank you. Very good. Let's see. Ms. Talley, there you've got some rebuttal time. Thank you. I would like to discuss the government's claim that in Broxmire, the defendant asked the victim to send him a sexually explicit photo. I think the district court found that the district court denied the defendant's judgmental because it found that he, the defendant actually asked the person to send him a sexually explicit photo. But the second circuit reversed because just asking someone to send you a sexually explicit photo does not amount to the attempted production of the child court. I just wanted to interject. This is Judge Erickson. One point, I think that you did object to the comments on the evidence of transcript pages 471 and 483. That's correct. Also, the frames are cutting out, so I'm not sure how much time I have left. But I would like to discuss the Pearson, the Schwartz, and the Petrosky case that the government also talked about. And in those cases, I mean, the defendants actually asked the alleged victims to perform sex acts in front of a webcam in one case. One of them asked the victim to actually take pictures and send them those pictures. And in the other case, the Petrosky case, the defendant actually filmed the minors, and he testified that his purpose in filming the minors was to capture depictions of the female's genitalia. And based on the arguments presented here and in the brief, the court should reverse Mr. Hensley's convictions for attempted production of child porn, attempted enticement of a minor, and possession of child porn. Thank you. Thank you, counsel. The case has been thoroughly briefed and well-argued. It's got a lot of issues. We will take it under advisement.